# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | |
|---|---|
| MIMS RECYCLING OF RUSTON, L. L. C. | CIV. ACTION NO. 3:24-01434 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| ARCH INSURANCE COMPANY | MAG. JUDGE KAYLA D. MCCLUSKY |

## MEMORANDUM ORDER

Before the undersigned magistrate judge, on reference from the District Court, is a motion to quash subpoena [doc. # 14] filed by third-party respondent, Doggett Industrial Crane Group, L.L.C. ("Doggett"), pursuant to Federal Rule of Civil Procedure 45(d)(3).[1]

By this motion, Doggett seeks to quash a subpoena duces tecum issued by Defendant Arch Insurance Company ("Arch") and served on Doggett in Baton Rouge, Louisiana, requiring Doggett to produce six categories of documents.   *See* Subpoena; M/Quash, Exh. A.   The subpoena commanded production by May 1, 2025, at counsel for Arch's office in New Orleans, Louisiana.   *Id*.   However, because the subpoena seeks compliance not in this district, but in the Eastern District of Louisiana, this court presently lacks authority to act upon the subpoena, *i.e.*, to quash or modify it.   FED. R. CIV. P. 45(d)(3)(A) ("the court for the district where compliance is required must quash or modify a subpoena . . ."); *Sussman v. Fin. Guards, LLC*, Civ. Action No. 15-02373, 2017 WL 11672894, at *3 (E.D. La. Dec. 12, 2017) (motion to quash denied

---

[1]   As this motion is not excepted within 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this order is issued under the authority thereof, and in accordance with the standing order of this court.   Any appeal/objection must be made to the district judge in accordance with Rule 72(a).

where the EDLA did not have jurisdiction over the place of compliance or production);

*Providence Title Co. v. Truly Title, Inc.*, Civ. Action No. 21-0147, 2022 WL 17981500, at *2

(E.D. Tex. Sept. 29, 2022) (court lacked authority to resolve a motion to quash subpoena where

the place of production for the requested materials was in a different district); *Dental Resource*

*Systems, Inc. d/b/a Large Practice Sales, v. Michael B. Ashcraft & Michael Ashcraft,* Civ. Action

No. 20-2085, 2021 WL 3772688, at *1 (N.D. Tex. Mar. 11, 2021) (because the NDTX is "not

the court for the district where compliance is required as to the subpoena at issue," this court has

no "authority to address the subpoenas under Rule 45(d)(3) or to transfer Defendants' Rule

45(d)(3) motion under Federal Rule of Civil Procedure 45(f).").   Accordingly,

IT IS ORDERED that the motion to quash subpoena [doc. # 14] filed by third-party

respondent Doggett Industrial Crane Group, L.L.C. is DENIED, without prejudice.

In Chambers, at Monroe, Louisiana, on this 29th day of April, 2025.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE

2